IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY REESE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 3:20-cv-00337-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Jeffery Reese, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty years old. (Tr. 38.) He has a high school education and past relevant work as an automobile mechanic. (Tr. 24.)

The ALJ[1] found Mr. Reese had not engaged in substantial gainful activity since August 30, 2018 - the alleged onset date. (Tr. 18.) He has a "severe" impairment in the form of degenerative disc disease. (*Id.*) The ALJ further found Mr. Reese did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-20.)

The ALJ determined Mr. Reese had the residual functional capacity to perform a reduced range of sedentary work given his physical impairment. (Tr. 20-21.) Based on the residual functional capacity assessment, the ALJ determined that Plaintiff could no longer perform his past relevant work. (Tr. 24.) Therefore, the ALJ utilized the services of a vocational expert to determine if other jobs existed that Plaintiff could perform despite his impairments. Based on the expert's testimony, the ALJ determined Plaintiff could perform the jobs of callout operator and circuit board assembler. (Tr. 25, 48-50.) Accordingly, the ALJ determined Mr. Reese was not disabled. (Tr. 25-26.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-9.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ incorrectly assessed his subjective symptoms. (Doc. No. 23 at 25-26.) The ALJ's assessment of Plaintiff's subjective symptoms is closely tied to his residual functional capacity assessment with which Plaintiff also generally disagrees.

The ALJ analyzed Mr. Reese's symptoms in light of Social Security Ruling 16-3p. (Tr. 21-24.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) - recited in Plaintiff's brief - and states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

In assessing Plaintiff's subjective allegations, the ALJ concluded:

> In Summary, while the record does reflect that the claimant has a history of objectively demonstrated lumbar degenerative disc disease and subjective pain, the record as a whole simply does not support that the claimant is as limited in his functioning as alleged; The claimant has generally been with intact strength, sensation, and reflexes, with only a few instances of decreased functioning in this area. He has had an antalgic gait at only some examinations, and the record does not support that he requires a walking assistive device. However, considering the evidence in the light most favorable to the claimant, the undersigned finds that the claimant is limited to less than the full range of sedentary work, with additional limitations as described in the above residual functional capacity. Considering his allegations of subjective pain in the light most favorable to the claimant, the undersigned finds that the claimant requires a "sit/stand" option that allows for him to stand for 30-minute intervals and sit for 10 to 15-minute intervals.

(Tr. 24.)

After careful review of the entire record, I find the ALJ fairly evaluated Plaintiff's subjective symptoms. As the ALJ noted in his opinion, he considered the medical evidence and Plaintiff's own statements. The ALJ's conclusion is supported by the objective medical evidence.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Mr. Reese clearly has limitations and some serious issues with his back. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

The evidence reveals Mr. Reese has had difficulty with his back. As the Commissioner recites, as of January 2019, Plaintiff's doctors believed his back pain was not to the point of needing surgery. (Doc. No. 25 at 8, Tr. 586, 613.) However, Plaintiff eventually underwent a laminectomy in November 2019. (Tr. 697-700.) The surgery appears to have been successful, (Tr. 700), and as the Commissioner points out, Mr. Reese testified his back was improving. (Tr. 40-44.) While I recognize Mr. Reese still complained of pain and limitation, the record reveals

his laminectomy had improved his back impairment and he was capable of performing a reduced ranged of sedentary work.  (*Id.*)

With regard to Plaintiff's argument about ALJ making contradictory findings regarding his ability to sit and stand/walk during the workday, (Doc. No. 23 at 24), I agree with the Commissioner that the ALJ provided this accommodation as an option.  (Doc. No. 25 at 5-6.)  Plaintiff's argument here is simply without merit.

I have carefully considered Plaintiff's other arguments and find them to be without merit.  Plaintiff clearly experiences limitation with the combination of his impairments.  And his counsel has done an admirable job advocating for his rights in this case.  However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).  While I am sympathetic to Plaintiff's claims, I find no reversible error here.  The ALJ could rightly conclude Plaintiff was capable of performing a reduced range of sedentary work.

It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole

which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 14th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE